MANRIQUE DE LARA, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a *Lis Pendens* Notice.

No. 280.—Decided May 18, 1916.

LIS PENDENS NOTICE—RECORD OF NOTICE—CONSTRUCTION OF LAW—ERRONEOUS TRANSLATION.—The English text of section 91 of the Code of Civil Procedure does not exact as a condition for recording a *lis pendens* notice in the registry of property that the plaintiff or defendant, as the case may be, prayed that he be adjudged the owner of the property claimed, it being sufficient that the action affect the title or the right of possession of real property. The Spanish text is not a correct translation of the English text, which, being the original, must prevail.

The facts are stated in the opinion.

*Messrs. F. H. Dexter* and *F. G. Pérez Almiroty* for the appellant.

The registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 28, 1915, Manuela Manrique de Lara de Garrosi filed a complaint in the District Court of the United States for Porto Rico praying, among other things, that the conveyances referred to in said complaint of the coffee plantations "Leonor" and "Luisa" and the sugar plantation

"Concepción," situated in the municipal district of Yauco, made by defendant Tomás Garrosi to co-defendant Juana María González be adjudged null and void and that the said properties be held to belong to Garrosi.

On the same day the plaintiff filed with the Registrar of Property of San Germán a notice of the pendency of the action, accompanied by a copy of the said complaint, and requested the entry of a cautionary notice thereof in the books of the registry. The registrar refused to make the entry for the reason stated in the following decision:

"The notice of the pendency of the action referred to in the foregoing document is denied admission to record because of the defect that the plaintiff fails to allege that she is the owner of the properties in question, and instead a cautionary notice is entered, etc."

This decision is submitted to our consideration in an appeal taken by the attorney for Manuela Manrique de Lara.

The appellant contends that neither the letter nor the spirit of section 91 of the Code of Civil Procedure limits the recording of a notice of the pendency of an action to cases in which the plaintiff is the owner of the property affected.

The said section in the Spanish edition of the Code of Civil Procedure may be translated as follows:

"When in an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, or at any time afterwards, pray that the property sued for be adjudged to belong to them, they may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, which shall contain the names of the parties, the object of the complaint or answer, and a description of the property in litigation."

The Spanish text of the said section is not the same as the English text and we must be governed by the latter in deciding this appeal. The English text reads as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the·

defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby * * *."

As will be seen, the English version does not exact as a condition for recording a notice of the complaint or answer that the plaintiff or defendant, as the case may be, pray that he be adjudged the owner of the property sued for; but, according to said version, it is sufficient that the action affect the title or the right of possession of real property.

In this case the titles to the properties "Leonor," "Luisa" and "Concepción," and consequently the right of possession of the same, are affected by the action; therefore section 91 of the Code of Civil Procedure is applicable.

The error on the part of the registrar arose from the incorrect translation of the said section as it appears in the said code.

The decision appealed from is

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.